22-618-cr
*United States v. Hossain*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-four.

Present:

DENNIS JACOBS,
EUNICE C. LEE,
SARAH A. L. MERRIAM,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v. 22-618-cr

DELOWAR MOHAMMED HOSSAIN,

*Defendant-Appellant*.

---

For Defendant-Appellant: DONNA R. NEWMAN, Law Offices of Donna R. Newman, P.A.; MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY.

For Appellee: KAYLAN E. LASKY (Stephen J. Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a March 17, 2022 judgment of the United States District Court for the Southern District of New York (Stein, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Delowar Mohammed Hossain appeals from a judgment of the United States District Court for the Southern District of New York convicting him, following a jury trial, of one count of attempting to provide material support and resources for terrorism in violation of 18 U.S.C. § 2339A, and one count of attempting to contribute funds, good, or services to the Taliban in violation of 50 U.S.C. § 1705(a).

We assume the parties' familiarity with the facts, the record of prior proceedings, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

**I. Expert Testimony**

Hossain challenges the district court's decision to allow Dr. Tricia Bacon to testify as an expert witness for the government regarding the Taliban's "playbook" to recruit foreign fighters, the history and ideology of the Taliban, and the meaning of certain Arabic words and phrases offered in the government's direct case against Hossain at trial. Hossain argues that the district court abused its discretion in admitting Bacon's testimony because it was irrelevant or, alternatively, was more prejudicial than probative and should have been excluded under Federal Rule of Evidence 403.

The admission of expert testimony is governed by Federal Rule of Evidence 702, which permits expert witness evidence if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Federal Rule of Evidence 403 further instructs that the district court, *inter alia*, "may exclude relevant evidence if its probative value is substantially outweighed

by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

"We review the district court's decision to admit or exclude expert testimony for an abuse of discretion." *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir. 2004) (quoting *Fashion Boutique of Short Hills v. Fendi USA*, 314 F.3d 48, 59–60 (2d Cir. 2002)). "When we are confronted with a Rule 403 issue, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Al-Moayad*, 545 F.3d 139, 159–60 (2d Cir. 2008) (internal quotation marks omitted). Otherwise, "[a] district court's determination with respect to the admission of expert testimony is not an abuse of discretion unless it is manifestly erroneous." *Cruz*, 363 F.3d at 192 (internal quotation marks omitted).

Hossain argues that the expert testimony was cumulative and irrelevant because the parties stipulated, and the district court took judicial notice, that the Taliban is a specially designated global terrorist organization, and Hossain did not actually have any engagement with any Taliban members. Hossain also

contends that, in large part, Bacon's testimony was not a matter of specialized knowledge, making her expert instruction unnecessary.

Here, the district court "conscientiously balanced the proffered evidence's probative value with the risk for prejudice." *Al-Moayad*, 545 F.3d at 159. After oral argument on the pretrial motions *in limine*, the district court permitted Bacon to testify as the government's expert witness. The district court explained that "her testimony is going to help the trier of fact—that is, the jury—understand the evidence." App'x at 49. The district court specifically determined that the testimony "has probative value that's not outweighed by wasting time or confusing the jury or distracting the jury." *Id.* As to the issue of prejudice, the district court emphasized that Bacon did not know the facts of Hossain's case; explained that the government should not belabor her testimony or solicit opinion testimony; and noted that to the extent the defense had issues with her qualifications, counsel should address it during cross-examination. In light of the court's considered explanation for its decision, we cannot say it was arbitrary, irrational, or manifestly erroneous. *See, e.g.*, *United States v. Farhane*, 634 F.3d 127, 159 (2d Cir. 2011) (approving "the use of expert testimony to provide juries with

background on criminal organizations," such as "terrorist organizations, including al Qaeda").

Accordingly, we affirm the admission of testimony by the government's expert witness.

## II. Summation

Hossain next challenges the government's reliance on the same expert testimony in its summation, arguing that the government improperly used the testimony to argue that Hossain took a substantial step towards the commission of the crimes—a necessary component of the attempt offenses—notwithstanding the absence of other evidence to directly support its theory of the case. *See Farhane*, 634 F.3d at 145 ("A conviction for attempt requires proof that a defendant (a) had the intent to commit the object crime and (b) engaged in conduct amounting to a substantial step towards its commission.").

A defendant who seeks to overturn a conviction based on a prosecutor's comment in summation bears the "heavy burden" of showing that "the comment, when viewed against the entire argument to the jury, and in the context of the entire trial, was so severe and significant as to have substantially prejudiced him, depriving him of a fair trial." *Id.* at 167 (internal quotation marks omitted).

However, where no contemporaneous objection to the summation is raised, as in this case, we review for plain error. *See United States v. Williams*, 690 F.3d 70, 77 (2d Cir. 2012). "And under plain error review, [Hossain] must demonstrate not only that there was an error that is clear or obvious, but also that the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and . . . the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (emphasis and internal quotation marks omitted).

According to Hossain, the government improperly used Bacon's testimony to argue that Hossain's actions fit a pattern of conduct that is typical of foreign fighters seeking to join the Taliban, from which his intent and substantial steps could be extrapolated to support the government's burden of proof. He argues that even if expert testimony is admissible under Rule 702, the government is not permitted to corroborate the testimony of a fact witness by pointing to parallels between the fact witness's testimony regarding the defendant's conduct and the expert's description of the usual practices of others involved in the same conduct. The government argues that it was permitted to introduce expert testimony in summation to rebut Hossain's defense that he lacked the requisite criminal intent.

"It is important to distinguish the legitimate use of an expert to explicate an organization's structure from the illegitimate and impermissible substitution of expert opinion for factual evidence." *United States v. Zhong*, 26 F.4th 536, 556 (2d Cir. 2022) (alterations and internal quotation marks omitted).

Here, Bacon's testimony was not used to corroborate anyone's testimony, nor was it designed to mirror any witness's version of events. The government did refer frequently to Bacon's testimony in its closing, but Bacon's testimony did not itself refer to any witnesses or to Hossain, Bacon was never presented with information on Hossain's case or actions, and she was not asked to render an opinion as to whether Hossain engaged in any specific illegal conduct.

The threshold for reversal on appellate review is high, and it is even higher here, given that defense counsel failed to object during the government's summation or rebuttal. On this record, we see no clear or obvious error affecting Hossain's substantial rights or the fairness, integrity or public reputation of judicial proceedings. We therefore conclude that the district court did not commit plain error in permitting the government to reference Bacon's expert testimony in summation.

## III. Classified Information[1]

Last, Hossain challenges the district court's denial of his motion to compel the production of certain classified information, some of which may have been obtained under the Foreign Intelligence Surveillance Act ("FISA"), specifically FISA Amendments Act Section 702. *See* 50 U.S.C. § 1881a, *et seq.*; *see generally United States v. Hasbajrami*, 945 F.3d 641, 649–58 (2d Cir. 2019) (detailing the Section 702 surveillance apparatus).

During pretrial proceedings, the government moved *ex parte* and *in camera* for a protective order authorizing it to withhold certain classified material from discovery pursuant to § 4 of the Classified Information Procedures Act ("CIPA"), *see* 18 U.S.C. app. 3 § 4.[2] The district court granted that motion after finding, *inter alia*, that the government submission described classified information that required protection, the classified information was not discoverable under *Brady*

[1] The government sent an Assistant United States Attorney to oral argument before this Court who did not work on the classified elements of this case and who could not make representations as to this issue. Whatever the reason for this decision, we note at the outset that it impairs the judiciary's ability to do its job efficiently. Given the classified information issue was a significant question on appeal, it was not ideal for the government to send a representative not familiar with the issue.

[2] Section 4 of CIPA sets out procedures for a district court to deny or restrict discovery of classified information for good cause. *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008).

*v. Maryland*, 373 U.S. 83 (1963), or its progeny, and the classified information was not helpful to the defense. Later, Hossain moved to compel discovery related to classified electronic surveillance. The district court denied that motion.

Several months later, Hossain renewed his motion to compel and sought an *ex parte* conference with the court pursuant to CIPA § 2[3] to explain his defense theory. After separate *ex parte* § 2 hearings with the government and with defense counsel, the district court denied Hossain's renewed motion to compel.

Hossain argues that the district court erred in denying his motions because the government failed to represent that the information to be used against Hossain *was not obtained* through FISA-surveillance, but simply represented that *it would not use* FISA-obtained or FISA-derived information directly against Hossain. He notes that this can raise several issues, notably that: (1) if the government relied on FISA Section 702 surveillance, it was required to give notice to the defense so that the defense could move to suppress the fruits of such surveillance; and (2) if the government's universe of FISA-obtained or FISA-derived evidence contained

[3] Section 2 provides that "any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution" of the case. 18 U.S.C. app. 3 § 2.

*Brady* evidence, it was obligated to turn it over to Hossain if it might be relevant or helpful to his defense.[4]

The government points to the steps the district court took in response to Hossain's concerns, namely, holding a subsequent classification review which led the district court to unseal a classified order explaining its decision and to file a redacted version of the order on the docket. The government argues that the redacted order demonstrates that the district court diligently addressed the classified information at issue. *See* Sept. 24, 2021 Order at 2, attached as Ex. A to Letter Resp., *United States v. Hossain*, No. 19-CR-606 (SHS) (S.D.N.Y. April 18, 2023), ECF No. 208-1 ("The Court therefore finds that the government is not improperly withholding any materials from the defense that are exculpatory, material, or even helpful to the defense.").

---

[4] Hossain also contends that the district court abused its discretion in prohibiting his security-cleared defense counsel from accessing classified information under CIPA. But "we have held that § 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1) authorize *ex parte* proceedings and that a district court acts well within its discretion in reviewing CIPA submissions *ex parte* and *in camera*." *United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 107 (2d Cir. 2020) (internal quotation marks omitted). Moreover, "a district court's *ex parte*, *in camera* adjudication of CIPA motions falls squarely within the authority granted by Congress." *Id.* The status of defense counsel's security clearance is irrelevant because "[n]othing in the text of § 4 limits the District Court's authority to review classified information *ex parte* only where defense counsel lacks a security clearance." *Id.*

Hossain requests that this Court vacate and remand to the district court for further proceedings, or at a minimum, review the government's *ex parte* filings to determine: (1) whether notice should have been given to the defense pursuant to FISA notice requirements, 50 U.S.C. § 1806(c), § 1881e(a), or otherwise; and (2) whether, even if notice was not strictly required, Hossain's constitutional rights were violated, or whether there was any violation of the FISA Amendments Act, or any other statute. At oral argument, we specifically asked Hossain's counsel for the dates during which he fears the government may have acquired *Brady* material that it subsequently failed to produce. Counsel explained that the defense was looking for any evidence between March and September of 2018 that could demonstrate a lack of intent[5] or support an entrapment defense.

The parties dispute whether the appropriate standard of review is abuse of discretion or a modified, more searching version of that standard, in light of the *ex parte* nature of the proceedings below. But after reviewing the classified material in this case, the panel is satisfied that, under either standard, the district court was correct in its conclusion that there was no evidence in the government's possession

---

[5] Specifically, Hossain requests review for any statements that he never intended to go through with the alleged scheme, that he did not intend to leave Thailand to go to Afghanistan, or that the tent he acquired was for a hiking purpose.

that was exculpatory, material, relevant to a motion to suppress, or otherwise helpful to the defense.

*　　　　　　　　*　　　　　　　　*

We have considered Hossain's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court